**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **MEYER HOFFER, Individually and on behalf of all others similarly situated,** | ) ) ) | **CASE NO. 1:06CV763** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **vs.** | ) ) | |
| | ) | **ORDER** |
| **COOPER WIRING DEVICES, INC., f/k/a Eagle Electric Manuf. Co., Inc.,** | ) ) ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

   This matter comes before the Court upon Plaintiff's Memorandum Contra Dismissal for Want of Subject Matter Jurisdiction (ECF DKT #30).  By Opinion and Order, dated June 13, 2007, this Court granted dismissal of Plaintiff's class action claim under the Ohio Consumer Sales Practices Act.  Following that ruling, the Court scheduled oral arguments for September 4, 2007 at 3:00 p.m. on whether or not it should retain subject matter jurisdiction of the captioned complaint.  Plaintiff filed this Memorandum on August 31, 2007.

   The Court deems Plaintiff's Memorandum Contra Dismissal for Want of Subject Matter Jurisdiction as a Motion for Reconsideration under Fed. R.Civ. P. 59.  However, any

request for reconsideration is untimely; since Fed. R.Civ. P. 59(e) provides such a motion must be filed within ten days of the order sought to be altered or amended.  In this instance, the Court's Order was entered over two months ago.

In addition, Plaintiff discusses Public Inspection File documents, without indicating their availability at the time of Defendant's alleged violation.  Pursuant to *Marrone v. Philip Morris U.S.A., Inc.*, 110 Ohio St. 3d 5, 10 (2006), for Plaintiff to bring a claim under the Ohio Consumer Sales Practices Act as a class action, "there must be a substantial similarity between a defendant's alleged violation of the Act and an act or practice previously declared deceptive by either a rule promulgated by the Attorney General or a court decision that was **publicly available when the alleged violation occurred**."  (Emphasis added).

Further, Plaintiff "moves the Court to deem the Complaint amended accordingly" at page 2 of his Memorandum.  Even with a generous reading of the deadlines set at the Case Management Conference on June 19, 2006, the time for amending pleadings has well expired.

For all the foregoing reasons, Plaintiff's Memorandum is treated as a Motion for Reconsideration and is overruled.

**IT IS SO ORDERED.**

**DATE: September 5, 2007**

      **s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**