**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MEYER HOFFER, etc.,** ) | **CASE NO. 1:06CV763** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | **ORDER OF DISMISSAL** |
| **COOPER WIRING DEVICES, INC.,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter came before the Court on September 4, 2007 for oral arguments on federal subject matter jurisdiction over the captioned Complaint. Upon consideration of the parties' arguments and submissions, and for the following reasons, the Complaint is dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action by filing a Class Action Complaint on April 3, 2006, relying upon 28 U.S.C. § 1332(d)(2) (2005), which, as part of the Class Action Fairness Act ("CAFA"), creates diversity jurisdiction over a class action in which more than five million dollars in the aggregate is in controversy, and at least one plaintiff or class member is a citizen of a state different from any defendant. On June 13, 2007, this Court entered its Opinion and Order, granting Defendant's Motion to Dismiss on all of Plaintiff's claims, except his individual claim for violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Revised Code Section 1345.01, *et seq*. Pursuant to *Marrone v. Philip Morris U.S.A., Inc*., 110 Ohio St. 3d 5, 10 (2006), for Plaintiff to bring a claim under the

OCSPA as a class action, "there must be a substantial similarity between a defendant's alleged violation of the Act and an act or practice previously declared deceptive by either a rule promulgated by the Attorney General or a court decision that was **publicly available when the alleged violation occurred**." (Emphasis added). Plaintiff's Complaint fails to refer to any rule promulgated by the Ohio Attorney General or any publicly available court decision. In addition, in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff concedes he cannot find any rule by the Attorney General or publicly available court decision which satisfies the requirement of declaring an act or practice substantially similar to the alleged violation at issue deceptive. (Plaintiff's Memorandum in Opposition at 18-19). Therefore, the class action claim could not be maintained; but the individual claim as to an OCSPA violation survived dismissal. The potential relief available to Plaintiff under the statute is "three times the amount of the consumer's actual damages or two hundred dollars, whichever is greater."

## II. ANALYSIS

CAFA is silent as to whether a federal court retains jurisdiction over a matter after the court has granted an order dismissing the matter as a class action or denying class certification. 28 U.S.C. § 1332(d)(2005). Furthermore, there is no Sixth Circuit decision on point; and the decisions from other Circuits are split on whether subject matter jurisdiction is retained or lost.

Because this Court's dismissal of Plaintiff's class action claims was founded upon the requirements of *Marrone*, and Plaintiff has acknowledged the absence of any publicly available rule or court decision as of the date of the alleged violation of the OCSPA, there is

no reasonably foreseeable possibility of class certification in the future. *See Falcon v. Philips Electronics North America Corporation*, 489 F. Supp. 2d 367, 368 (S.D.N.Y. 2007). Plaintiff is left only with his individual OCSPA claim, for which his maximum recovery is two hundred dollars.

Although the Court is mindful of the general principle that once jurisdiction has properly attached, it cannot be ousted by subsequent events, Plaintiff Hoffer will never be able to recover an amount sufficient to satisfy the $75,000 amount-in-controversy requirement. Based upon the Complaint and Plaintiff's concessions, the class action claim under the OCSPA was "defective from the start." *Saglioccolo v. Eagle Insurance Company*, 112 F. 3d 226, 233 (6th Cir. 1997). The Court cannot, moreover, ignore the mandate of Fed. R. Civ. P. 12(h)(3): "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court **shall** dismiss the action." (Emphasis added). Once Plaintiff Hoffer's class action claims were dismissed, the Court concludes it lost subject matter jurisdiction over Plaintiff's individual claims, which utterly fail to meet the threshold diversity jurisdictional amount. *See McGaughey v. Treistman*, 2007 WL 24935 (S.D.N.Y. January 4, 2007) at *3-4.

### III. CONCLUSION

For the foregoing reasons, the captioned Complaint is dismissed for lack of subject matter jurisdiction. This decision applies only to the specific facts of this case and the Court refrains from announcing a general rule.

**IT IS SO ORDERED.**

**DATE: 9/28/07**          **S/Christopher A. Boyko**
                          **CHRISTOPHER A. BOYKO**

**United States District Judge**